IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| ARACELY NOLASCO<br>4349 Carmelo Drive, Apt. 101<br>Annandale, Virginia 22003<br><br>*On Behalf of Herself and*<br>*All Others Similarly Situated*<br><br>PLAINTIFF,<br><br>v.<br><br>TOTAL FOOD SERVICE, INC.<br>t/a CHICKEN HOUSE<br>7863 Heriage Drive<br>Annandale, Virginia 22003<br><br>SERVE:  JI M. KIM<br>5105 Backlick Road, Suite N<br>Annandale, Virginia 22003<br><br>DEFENDANT. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>Case No.: 1:13cv1519<br>       AJT/TCB<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### FAIR LABOR STANDARDS ACT COMPLAINT

Plaintiff Aracely Nolasco (hereinafter, "Plaintiff"), by and through undersigned counsel, on behalf of herself and all others similarly situated, hereby submits her Fair Labor Standards Act Complaint against Defendant Total Food Service, Inc. t/a Chicken House ("Defendant"), to recover unpaid overtime wages, liquidated damages, reasonable attorney's fees and costs under Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. (hereinafter "FLSA") as set forth below.

### PARTIES AND JURISDICTION

1.  Plaintiff is an adult resident of the Commonwealth of Virginia. By acting as the named Plaintiff in this action, Plaintiff hereby confirms her consent to participate as a Plaintiff in an action under the FLSA.

2. Defendant is a corporation formed under the laws of the Commonwealth of Virginia with its principal place of business in Annandale, Virginia.

3. At all times relevant to this action, Defendant and connected and inter-related entities and common ownership operated several Chicken House restaurants in the Commonwealth of Virginia.

4. At all times relevant, Defendant was Plaintiff's "employer" for purposes of the FLSA.

5. At all times relevant, Defendant handled, cooked, and sold food products that originated outside the Commonwealth of Virginia. Further, at all times relevant, Defendant consistently sold food products to a clientele outside the Commonwealth of Virginia and was otherwise engaged in related interstate commerce behavior such that Defendant was engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

6. At all times relevant, Defendant, its ownership, and its inter-connected entities generated gross revenues exceeding Five Hundred Thousand Dollars ($500,000.00) and qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

7. At all times relevant, Plaintiff and other employees of Defendant were individual employees who handled, cooked, and sold food products originating outside of the Commonwealth of Virginia and were otherwise engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

8. This Court has jurisdiction over Defendant pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under

any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTS

9. Plaintiff is currently employed by Defendant and has been employed by Defendant at Defendant's Annandale Chicken House Restaurant since about November 2007.

10. At all times relevant, Plaintiff's job duties were primarily as food preparer and as cashier.

11. At all times relevant, Defendant paid Plaintiff as a salaried employee. Plaintiff's most recent salary is in the amount of $460.00 per week.

12. At all times relevant, Plaintiff regularly and customarily worked more than forty (40) hours per week.

13. For a significant period of Plaintiff's employment, Plaintiff regularly and customarily worked about seventy-two (72) hours per week.

14. At all times relevant, Defendant had knowledge of all hours Plaintiff worked and suffered and permitted Plaintiff to work all hours herein alleged.

15. At all times relevant, Defendant paid Plaintiff at her regular salary rate for only non-overtime hours worked each week up to, but not exceeding forty (40) hours per week.

16. Defendant never paid Plaintiff any wages for hours worked each week in excess of forty (40).

17. Defendant never paid Plaintiff at the rate of one-and-one-half (1½) times her regular rate of pay for overtime hours worked each week in excess of forty (40).

18. At no time did Plaintiff perform work that meets the definition of exempt work under the FLSA.

19. At all times relevant, Plaintiff did not perform management functions or non-exempt work as her primary work duty

20. At all times relevant, Plaintiff did not have or otherwise enjoy discretion or input into hiring, firing, or related discipline of any other employee employed by Defendant.

21. At all times relevant, Plaintiff did not have authority to or otherwise regularly use or exercise discretionary powers while employed by Defendant.

22. At no time during the period of Plaintiff's employment did Plaintiff supervise or manage subordinates, enjoy authority to purchase or set any final purchase price without Defendant's direct oversight or approval, and at no time did Plaintiff use any independent discretion in the performance of her highly micro-managed job duties.

23. At all times relevant, Plaintiff devoted all of her work time to performing non-exempt food preparation and cashier related work.

## OTHER PUTATIVE PLAINTIFFS

24. Plaintiff is aware of several current and former food preparation and cashier employees of Defendant at Defendant's several restaurants who are similarly situated in that they: (1) worked many hours of overtime for Defendant; (2) were not paid for overtime hours by Defendant as prescribed by the FLSA; (3) did not perform work which would qualify them as exempt from the overtime requirements of the FLSA; and (4) have not yet joined this lawsuit either because they do not yet have knowledge of their rights to overtime compensation or on account of a sincere fear that Defendant will retaliate against them or they will lose their job with Defendant if they join this suit.

## CAUSE OF ACTION
### Violation of Federal Fair Labor Standards Act
### (Overtime)

25. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-24 above, as if each were set forth herein.

26. Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees…for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one-and-one-half (1½) times the regular rate at which he is employed."

27. At all times, Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendant was Plaintiff's "employer" under FLSA, 29 U.S.C. § 207(a)(2).

28. Defendant, as Plaintiff's employer, was obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times her regular rate for all hours worked per week in excess of forty (40).

29. At all times, Defendant failed and refused to pay Plaintiff at the overtime rate of one-and-one-half (1½) times her regular rate for all hours worked per week in excess of forty (40).

30. During the period of Plaintiff's employment, Defendant paid Plaintiff a flat annual salary in the amount of approximately $460.00 per week.

31. At Defendant's command, and with Defendant's actual knowledge, Defendant suffered or permitted Plaintiff to regularly work more than forty (40) hours per week.

32. For all hours worked per week by Plaintiff in excess of forty (40), Defendant paid Plaintiff no wages.

33. At no time during the period of Plaintiff's employment did Plaintiff and Defendant reach, or even engage in any discussions relating to, a clear and mutual understanding that Plaintiff's salary was intended to compensate Plaintiff at a regular non-overtime rate of pay for hours worked each week less than forty (40) and at a different overtime rate of one-and-one-half (1½) times Plaintiff's rate of pay for hours worked each week in excess of forty (40).

34. Moreover, at no time during the period of Plaintiff's employment did Defendant ever, in addition to Plaintiff's flat salary, pay extra wages to Plaintiff for overtime hours worked in excess of forty (40) at a rate not less than one-half Plaintiff's regular rate of pay.

35. In legal truth, Defendant paid Plaintiff her flat salary for only non-overtime hours worked each week (those less than forty (40)) and paid Plaintiff no wages at all for hours worked each week in excess of forty (40).

36. Defendant should have paid Plaintiff at the rate of one-and-one-half (1½) times her regular rate of pay for all hours worked each week in excess of forty (40).

37. Thus, for each hour for which Plaintiff may recover unpaid overtime wages, Defendant owes Plaintiff unpaid overtime wages in the approximate amount of $17.25 per hour ($460.00 per week / 40 hours per week = $11.50 per hour * 1.5 = $17.25 owed per overtime hour worked).

38. An employer who violates the FLSA overtime provision is ordinarily "liable to the employee or employees affected in the amount of their unpaid minimum wages ... and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

39. The award of liquidated damages is mandatory unless "the employer shows to the satisfaction of the court that the act or omission giving rise [to the FLSA action] was in good

faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260.

40. The FLSA "plainly envisions" that liquidated damages "are the norm" for violations of the FLSA. *Mayhew v. Wells*, 125 F.3d 216, 220 (4th Cir.1997).

41. The FLSA permits a trial court in its sound discretion to refuse or reduce an award of liquidated damages only where the employer demonstrates *both* good faith *and* reasonable grounds for believing that he was not acting in violation of FLSA. *See Clifton D. Mayhew, Inc. v. Wirtz*, 413 F.2d 658, 661-62 (4th Cir. 1969).

42. The Fourth Circuit has held that the test of the good faith requirement to excuse liability is an objective one and not a subjective one. *Id.*

43. Here, Defendant cannot demonstrate good faith and reasonable grounds for its failure to pay Plaintiff overtime as required by the FLSA.

44. Defendant can point to no authority or good faith basis it relied upon for its failure to pay Plaintiff at the FLSA required rate overtime hours worked each week.

45. At all times during Plaintiff's employment, Defendant had actual knowledge of the FLSA overtime pay requirement.

46. At all times during Plaintiff's employment, Defendant had actual knowledge that Plaintiff should have been paid at the rate of one-and-one half (1½) times her regular rate of pay for hours worked each week in excess of forty (40).

47. At all times during Plaintiff's employment, Defendant had actual knowledge that the rate and method by which Defendant paid Plaintiff was in direct violation of the FLSA overtime pay requirement.

48. Defendant's failure and refusal to pay Plaintiff for overtime hours worked as required by the FLSA was willful and intentional, and was not in good faith.

49. Finally, Plaintiff will be entitled to payment of her attorney's fees and costs.

50. The FLSA provides that a court "*shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b) (emphasis added).

51. In contrast to other fee-shifting statutes where the award of attorney's fees and costs is discretionary with the court, an award of attorney's fees to a prevailing plaintiff in a FLSA case is mandatory. *See Hensley v. Eckerhart*, 461 U.S. 424 (1983).

52. As a consequence of the foregoing, Plaintiff is entitled to recover her reasonable attorney's fees and costs associated with the prosecution of this case.

WHEREFORE, Defendant is liable to Plaintiff, and all other similarly situated individuals, for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

_____
Gregg C. Greenberg, Bar No. 79610
The Zipin Law Firm, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax:    301-587-9397
Email: ggreenberg@zipinlaw.com

*Counsel for Plaintiff*